UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: November 11, 2020

SERGIO LOVATI, RUDI LOVATI,
ALESSANDRA SARAGO LOVATI, and
ALESSANDRO LUCIBELLO PIANI,

                 Plaintiffs,

       -against-

THE BOLIVARIAN REPUBLIC OF
VENEZUELA,

                 Defendant.

19-CV-4793 (ALC)
19-CV-4796 (ALC)

**MEMORANDUM AND ORDER**

**ANDREW L. CARTER, JR., District Judge:**

      Sergio Lovati, Rudi Lovati, Alessandra Sarago Lovati, and Alessandro Lucibello Piani ("Plaintiffs") commenced this breach of contract action on May 23, 2019 against the Bolivarian Republic of Venezuela ("Republic"). (ECF No. 1). On August 20, 2019, the Clerk of Court noted entry of default against the Republic pursuant to Federal Rule of Civil Procedure 55(a). (ECF No. 15). The Republic now moves to vacate the Clerk's Certificate of Default and dismiss the complaint for lack of personal jurisdiction. For the reasons that follow, the Court denies the Republic's motion to dismiss for lack of personal jurisdiction and grants the Republic's motion to vacate the entry of default.

## BACKGROUND and PROCEDURAL HISTORY

      Plaintiffs commenced these breach of contract actions on May 23, 2019, alleging that the Republic failed to make interest payments on certain bonds held by Plaintiffs pursuant to a July 25, 2001 Fiscal Agency Agreement ("FAA") entered into by the Republic. (ECF No. 1, Compl. ¶¶ 1, 11–14). The FAA provided for service upon "the Consul General of the Republic of Venezuela

or . . . any official of the Consulate of Venezuela, presently located at 7 East 51st Street, New York, New York 10022 [.]" On June 10, 2019, Plaintiffs requested an Order, permitting an alternative form of service of the summons and complaint on the Republic's Embassy to the United Nations or its Embassy to the United States. (ECF No. 7). Plaintiffs alleged that the Consul General was recalled, and the Consulate was closed. *Id.* The Court granted Plaintiffs' request on June 11, 2019, (ECF No. 8), and on August 7, 2019, Plaintiffs filed a summons returned executed declaring service upon the "Republic of Venezuela, c/o Mission of Bolivarian Republic of Venezuela To Un at 335 East 46th Street, New York, NY 10017" by personal delivery to an individual who was authorized to receive service at that address. (ECF No. 11).

Despite purported service of the summons and complaint, the Republic failed to plead or otherwise defend this action. On August 19, 2020, Plaintiffs requested a Certificate of Default, and on August 20, 2020, the Clerk of Court noted entry of default against the Republic pursuant to Federal Rule of Civil Procedure 55(a). On December 9, 2019, Plaintiffs moved for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (ECF No. 24). Thereafter, the Republic moved to vacate the entry of default and dismiss the complaint for lack of personal jurisdiction. (ECF Nos. 37, 43).

## DISCUSSION

### I.    Personal Jurisdiction under the Foreign Sovereign Immunities Act

The Republic contends that this Court lacks personal jurisdiction due to improper service under the Foreign Sovereign Immunities Act ("FSIA"). 28 U.S.C. § 1330 provides that "[p]ersonal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) where service has been made under section 1608 of this

title." Thus, personal jurisdiction under the FSIA is established by way of "subject matter jurisdiction plus service of process equals personal jurisdiction." *Seetransport Wiking Trader v. Navimpex Centrala Navala*, 989 F.2d 572, 579 (2d Cir. 1993) (quoting *Texas Trading & Milling Corp. v. Federal Republic of Nigeria*, 647 F.2d 300, 308 (2d Cir. 1981), *cert. denied*, 454 U.S. 1148 (1982)).

Regarding subject matter jurisdiction, the FSIA "is the sole source for subject matter jurisdiction over any action against a foreign state." *Pablo Star Ltd. v. Welsh Government*, 378 F. Supp. 3d 300, 306 (S.D.N.Y. 2019) (internal citations omitted). The Act defines a "foreign state" to include its "agenc[ies] and instrumentalit[ies]" like a consulate. 28 U.S.C. § 1603(a). Further, the FSIA provides that "a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States" unless one of the limited exceptions enumerated in Sections 1605 through 1607 of the FSIA applies. *See* 28 U.S.C. § 1604; *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993); *Pablo Star Ltd.*, 378 F. Supp. at 306.

The Republic does not dispute that this Court has subject matter jurisdiction over Plaintiffs' breach of contract claims. Therefore, the Court's analysis shall focus on personal jurisdiction, specifically whether Plaintiffs' purported service was proper under Section 1608(a)(1) of the FSIA.

i.      **Plaintiffs' Service under Section 1608(a)(1)**

The FSIA provides the sole means for effecting service of process on a foreign state. *See* 28 U.S.C. § 1608(a); H.R.Rep. No. 94–1487, at 23 (1976), as reprinted in 1976 U.S.C.C.A.N. 6604, 6622 ("Section 1608 sets forth the exclusive procedures with respect to service on . . . a foreign state . . . ."). The statute prescribes four methods in descending order of preference. *Id.* § 1608(a). "Plaintiffs must attempt service by the first method, or determine that it is unavailable, before

attempting the subsequent three methods." *Pablo Star Ltd.*, 378 F. Supp. at 306 (quoting *Harrison v. Republic of Sudan*, 802 F.3d 399, 403 (2d Cir. 2015), *rev'd on other grounds*, *Republic of Sudan v. Harrison*, 139 S. Ct. 1048 (2019)).

The first method is service "in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision." *Id.* § 1608(a)(1). In the absence of such a special arrangement, the statute next permits service "in accordance with an applicable international convention on service of judicial documents." *Id.* § 1608(a)(2). If the second method is inapplicable, Plaintiffs may proceed according to the third method, which permits service "by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." *Id.* § 1608(a)(3). Finally, the statute provides that if service cannot be made under the first three methods, service is permitted "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services—and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state." *Id.* § 1608(a)(4).

Plaintiffs' allege that they served the Republic pursuant to Section 1608(a)(1) of the FSIA. Courts have long held that section 1608(a), which governs service upon a foreign state, requires strict adherence to the FSIA's literal terms enumerated in Section 1608(a), not merely substantial compliance. *Hilaturas Miel, S.L. v. Republic of Iraq*, 573 F. Supp. 2d 781, 796 (S.D.N.Y. 2008); *Lewis & Kennedy, Inc. v. Permanent Mission of the Republic of Botswana to the U.N.*, 05 Civ. 2591, 2005 WL 1621342, at *3 (S.D.N.Y. July 12, 2005) (collecting cases). Moreover, "[w]hether

4

or not [defendant] received actual notice of the suit is irrelevant when strict compliance is required[.]" *Finamar Inv'rs, Inc. v. Republic of Tadjikistan*, 889 F. Supp. 114, 118 (S.D.N.Y. 1995). There are very few examples of "substantial compliance" in a § 1608(a) case; however, where there has been, it was limited to § 1608(a)(1)–special arrangement between the parties–and the mistake was merely technical. *See Int'l Rd. Fed'n v. Embassy of the Democratic Republic of the Congo*, 131 F. Supp. 2d 248, 251 (D.D.C. 2001); *Marlowe v. Argentine Naval Comm'n,* 604 F. Supp. 703, 707–8 (D.D.C. 1985). However, since *Marlowe*, the DC Circuit has rejected *Marlowe's* substantial compliance approach in favor of the strict adherence standard. *See Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 154 (D.C. Cir. 1994); *Enron Nigeria Power Holding, Ltd. v. Fed. Republic of Ni*geria, 225 F. Supp. 3d 18, 22 (D.D.C. 2014).

Plaintiffs service upon the Republic was improper. Here, the Republic and Plaintiffs entered into a special arrangement regarding service pursuant to the July 25, 2001 FAA. (*See* Compl. Ex. A). The FAA provided for service upon "the Consul General of the Republic of Venezuela or . . . any official of the Consulate of Venezuela, presently located at 7 East 51st Street, New York, New York 10022 [.]" However, the Consul General was recalled, and the Consulate was closed. Thereafter, Plaintiffs sought an Order from the Court, which provided for alternative service upon the Republic's Embassy to the United Nations or its Embassy to the United States, and Plaintiffs subsequently served the "Republic of Venezuela, c/o Mission of Bolivarian Republic of Venezuela To Un at 335 East 46th Street, New York, NY 10017" by personal delivery to an individual who was authorized to receive service at that address.

Plaintiffs' alternative service upon the Republic did not strictly adhere to the terms of the special arrangement between the Republic and Plaintiffs as required by FSIA 1608(a)(1). *See Lewis & Kennedy, Inc.* 2005 WL 1621342, at *3. Plaintiffs served the Republic at an entirely

different address than what was provided in the special arrangement between the Republic and Plaintiffs, and the Republic's obvious notice of the lawsuit does not defeat the FSIA's requirements. *See Gray v. Permanent Mission of People's Republic of Congo to United Nations*, 443 F. Supp. 816, 821 (S.D.N.Y.), *aff'd*, 580 F.2d 1044 (2d Cir. 1978) (noting "informal notification through channels clearly outside the obvious requirements of the applicable statute cannot be substituted for those which meet the requirements.") Even if the Court was inclined to follow *Marlowe's* substantial compliance approach, the instant service issue goes beyond mere typographical errors and technical noncompliance. *Marlowe*, 604 F. Supp. at 707–8.

Moreover, the Court is not convinced that alternative service under FSIA 1608(a) is proper. Section 1608(b) provides for service by order of the Court. *See* § 1608(b)(3)(C) (noting that if service could not be made under the previous two provisions in the statute, service may be made "by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state . . . as directed by order of the court[.]" This language is conspicuously absent in Section 1608(a). *See Republic of Sudan*, S. Ct. at 1058; *Dep't of Homeland Sec. v. MacLean*, 574 U.S. 383, 392 (2015) (noting that "[c]ongress generally acts intentionally when it uses particular language in one section of a statute but omits it in another."). As congress included a provision for Court ordered service in Section 1608(b) and left that provision out of Section 1608(a), the Court declines to read that language into Section 1608(a).

The Court has considered *New England Merchants Nat. Bank v. Iran Power Generation and Transmission Co.*, 495 F. Supp. 73 (S.D.N.Y. 1980). There, the Court adopted an alternative method of service in a Section 1608(a) case pursuant to Federal Rule of civil Procedure 4. *Id.* at 79–81. In *New England Merchants*, compliance with the FSIA's service of process on defendant Iran was precluded by the severance of diplomatic relations between the United States and Iran,

and defendant Iran intentionally avoided service of process. *Id.* However, since *New England*, Rule 4 was amended to provide explicitly that a foreign state must be served in accordance with 28 U.S.C. § 1608. *See* Fed. R. Civ. P. 4(j)(1). Despite this, Plaintiffs argue that the Court is able to enforce the special arrangement notwithstanding the FSIA's strict adherence standard. Here, however, the Court would not be enforcing the special arrangement; it would be creating a new one. Therefore, the Court declines to follow the reasoning in *New England* and concludes that Plaintiffs' alternative service on the Republic was improper.

### ii.    Dismissal

While the Court concludes that service was improper, dismissal is not warranted. Rather, the Court shall extend the time for Plaintiffs to properly serve the Republic in accordance with provisions of Section 1608(a). District courts have broad discretion to dismiss a complaint for failure to effect service or extend time for proper service. *See Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007); *see also Barot v. Embassy of Zambia*, 785 F.3d 26, 27 (D.C. Cir. 2015) (finding dismissal in a FSIA case inappropriate where there was a "reasonable prospect that service can be obtained"); *Novak v. World Bank*, 703 F.2d 1305, 1310 (D.C. Cir. 1983) (same). In the instant case, the Court is presented with a somewhat novel issue in the FSIA context. Plaintiffs entered into a special arrangement with the Republic, and the Republic has failed to comply with the special arrangement or make other arrangements with Plaintiffs for service of process.[1] The Court shall not allow the Republic to use their failure to comply with the special arrangement set forth in the FAA as a sword and a shield.

---

[1] The Court notes that the Republic argues that their failure to maintain its consulate in New York or an alternate agent to accept service of process was due to "unprecedented political and economic upheaval." Def.'s Reply Mem. of Law at 1.

Therefore, The Republic's motion to dismiss for lack of personal jurisdiction is denied. However, as the Court has determined that Plaintiffs failed to properly serve the Republic, the Republic's motion to vacate the entry of default is granted. *See Texas Trading & Milling Corp.*, 647 F.2d at 308 (holding that absent effective service, a court lacks jurisdiction over the defendant and all actions pertaining to such defendants, including the entry of default judgment, are void).

## CONCLUSION

Accordingly, the Court denies the Republic's motion to dismiss for lack of personal jurisdiction and grants the Republic's motion to vacate the entry of default. (ECF Nos. 37, 43). Moreover, the Republic's motion for oral argument is denied as moot. (ECF Nos. 43, 49). As soon as practicable, Plaintiffs shall serve the Republic in strict compliance with the requirements set forth in 28 U.S.C. § 1608(a). Unless service is effected within sixty (60) days, Plaintiffs shall file a status report with the Court on or before January 15, 2021, explaining why service has not been effected.

**SO ORDERED.**

**Dated:** November 11, 2020
       **New York, New York**

_____
       **ANDREW L. CARTER, JR.**
       **United States District Judge**